*244 MEMORANDUM *
Autotel has no right of action against the individual defendants under Bivens because the Administrative Procedure Act provides an adequate alternative remedy for its claims. See W. Radio Servs. v. U.S. Forest Serv. 578 F.3d 1116 (9th Cir.2009).
Because Autotel appealed the BLM’s denial of Autotel’s application for a right-of-way to construct a new tower on Frenchman Mountain to the Interior Board of Land Appeals (IBLA), the administrative action challenged in Autotel’s complaint was not a final action. 5 U.S.C. § 704; accord Puget Sound Energy, Inc. v. United States, 310 F.3d 613, 625 (9th Cir.2002) (“[I]f an initial agency action may be modified or reversed during administrative reconsideration or review it is rendered non-final while such review is pending.”). “We may affirm the district court on any basis supported by the record.” See Vaught v. Scottsdale Healthcare Corp. Health Plan, 546 F.3d 620, 633 (9th Cir.2008). We therefore conclude that the district court properly dismissed Autotel’s challenge to this agency action.[1]
The BLM’s denial of Autotel’s application for a right-of-way to move its existing tower or construct a new “auxiliary” tower on Black Mountain was not arbitrary and capricious under 5 U.S.C. § 706(2)(A). Autotel’s arguments that the proposed new tower was a “minor auxiliary facility” and that the proposed location in the Sloan Canyon National Conservation Area was “not pristine” are policy disagreements. Autotel produces no evidence that the BLM “relied on factors Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, offered an explanation that ran counter to the evidence before the agency, or offered one that is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.” W. Radio Servs. Co. v. Espy, 79 F.3d 896, 900 (9th Cir.1996).
Nor did IBLA act arbitrarily, capriciously, or othexwise violate 5 U.S.C. § 706(2) when it applied its own regulations and concluded that Autotel failed to timely object to Titan’s proposed right-of-way after being propexdy served with notice under 43 C.F.R. § 1810.2(b) and therefore lacked standing to appeal the BLM’s decision under 43 C.F.R. § 4.410.
Finally, the BLM did not unlawfully withhold or unreasonably delay action under 5 U.S.C. § 706(1) when it failed to take action to prevent Titan Towers’s facilities fi'om interfering with Autotel’s towers. Autotel’s claims that Titan Towers’s facilities were “unauthorized” are beside the point: Section VI.F of the Site Plan is the only px'ovision Autotel points to that might plausibly impose a legal obligation on the BLM to take some “discrete agency action,” see Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004), and Autotel has failed to establish a genuine issue of material fact as to whether Titan Towers caused any actual interference.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Accordingly, AutoteTs appeal of the district court’s denial of its motion to supplement the administrative record is moot.